# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

PATRICIA IRENE SPARKS,

                Plaintiff,

vs.

BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES, *et al.*,

                Defendants.

Case No. 2:13–cv–1468–RFB–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

    This matter involves Patricia Irene Sparks' personal-injury action against the Coca-Cola Bottling Company. Before the court is Ms. Sparks' Motion to Withdraw or Amend her Responses to Requests for Admissions (#25[1]). Coca-Cola opposed (#27) and Ms. Sparks replied (#28). For the reasons stated below, Ms. Sparks' motion is granted and the court recommends that Coca-Cola's Motion for Summary Judgment (#24) be denied.

## BACKGROUND

    Coca-Cola served Ms. Sparks with requests for admissions on January 27, 2014. (Moore Aff. (#25-5) at ¶ 2). Ms. Sparks' responses were due thirty days later. (*Id*.) A clerical error occurred and no responses were submitted. (*Id*. at ¶ 7).

    On January 5, 2015, Coca-Cola moved for summary judgment, arguing that judgment should be entered against Ms. Sparks because she admitted "no proximate cause, no negligence . . . and no damages arising from the alleged accident." (Def. Mot. Summ. J. (#24) at 2:1–2). Ms. Sparks' failure to respond to Coca-Cola's requests for admissions is its only basis for requesting summary judgment. (*See generally*

---

[1] Parenthetical citations refer to the court's docket.

*id*.)

After reading Coca-Cola's motion, Ms. Sparks realized that Coca-Cola did not receive her responses to its requests for admissions. (Moore Aff. (#25-5) at ¶ 9). Ms. Sparks served her responses to Coca-Cola's requests for admissions the following day. (Def.'s Opp'n (#27) at 3 ¶ 7).

On January 7, 2015, Coca-Cola stated that it would not accept Ms. Sparks' responses because they are past due. (*See* Doc. #27-6 at 1). On January 12, 2015, Ms. Sparks filed the instant motion. On March 16, 2015, the court heard oral argument.

## LEGAL STANDARD

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). Once admitted, a matter "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." FED. R. CIV. P. 36(b); *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

Because requests for admissions have a binding effect, Rule 38(b) provides a potential safe harbor: "the court may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. P. 36(b); *Conlon*, 474 F.3d at 622.

Withdrawal is permissive, not mandatory. *Conlon*, 474 F.3d at 621 (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981)). Rule 36(b) permits the district court to authorize withdrawal when (1) "it would promote the presentation of the merits of the action" and (2) "the court is not persuaded that [withdrawal] would prejudice the requesting party in maintaining or defending the action on the merits." *Conlon*, 474 F.3d at 621 (citations omitted).

2

Rule 36 serves the goals of truth seeking and efficiency. *Id*. Admissions seek the truth by eliminating issues from the case and serve efficiency by narrowing the matters to be adjudicated. *Id*. Rule 36 is "not to be used . . . in the hope that a party's adversary will simply concede essential elements." *Id*. (citing *Perez v. Maimi-Dade Cnty.*, 297 F.3d 1255, 1268 (11th Cir. 2002)).

### DISCUSSION

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon*, 474 F.3d at 622 (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). The first half of the test is satisfied here. Coca-Cola moved for summary judgment because Ms. Sparks failed to respond to its requests for admissions. (*See* Def. Mot. Summ. J. (#24) at 2:1–2) (arguing that judgment be entered because Ms. Sparks admitted "no proximate cause, no negligence . . . and no damages arising from the alleged accident."). This is Coca-Cola's only basis for requesting summary judgment. (*See generally id.*)

The second half of the test in Rule 36(b) is satisfied if the party relying on the deemed admission fails to demonstrate prejudice. *Conlon*, 474 F.3d at 622 (citing *Brook Vill N. Assocs. v. Gen Elect. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). As stated by the First Circuit,

> The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted.

*Conlon*, 474 F.3d at 622 (quoting *Brook Vill*, 686 F.2d at 70). During the March 16, 2015 hearing, the court asked Coca-Cola to demonstrate what prejudice it suffered as a result of Ms. Sparks' untimely responses. Coca-Cola failed to articulate a cognizable prejudice under Rule 36(b).

Coca-Cola argued that its requests for admissions should be given binding effect because Ms. Sparks never requested an extension and the failure to sanction Ms. Sparks would render Rule 36(a) mere

3

surplusage. That is, unless the requests are conclusively deemed admitted, every litigant is free to disregard the 30-day rule. (*See* Mins. Proceedings #31). The court disagrees.

Ninth Circuit law requires Coca-Cola to demonstrate prejudice that "relates to the difficulty [it] may face in proving its case." *Conlon*, 474 F.3d at 622 (quoting *Brook Vill*, 686 F.2d at 70). Coca-Cola failed to do so. Whether this renders Rule 36(a)'s 30-day rule mere surplusage is not for this court to decide.

Therefore, Ms. Sparks' Motion to Withdraw or Amend her Responses to Requests for Admissions (#25) is granted. And it is recommended that Coca-Cola's Motion for Summary Judgment (#24) be denied because its sole basis for seeking summary judgment depends on Ms. Sparks' untimely discovery responses. (*See generally* Def. Mot. Summ. J. #24)

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Ms. Sparks' Motion to Withdraw or Amend her Responses to Requests for Admissions (#25) is GRANTED.

IT IS FURTHER ORDERED that the parties file a stipulated discovery plan and scheduling order by March 27, 2015.

IT IS RECOMMENDED that Coca-Cola's Motion for Summary Judgment (#24) be DENIED.

DATED this 17th day of March, 2015.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4